**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10110 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00282-HSG-1 |
| v. | |
| MILTON MENDOZA, AKA Miguel Ramirez Cirigo, AKA Milton Navarette Mendoza, AKA Milton Mendoza Navarette, AKA Edgar Rodriguez, AKA Edgar Angel Rodriguez, AKA Enrique Alvardo Rodriguez, AKA Milton Rodriguez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 14, 2023**

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Milton Mendoza appeals from his guilty-plea conviction for illegal reentry

following removal, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Mendoza argues that the removal order upon which his conviction was predicated was fundamentally unfair under 8 U.S.C. § 1326(d)(3) because the immigration court did not meaningfully inform him of his right to seek voluntary departure and it lacked jurisdiction to enter the order. These arguments are unavailing. First, the district court did not err in determining that Mendoza failed to establish prejudice from any potential defect in the immigration court's voluntary departure advisement. *See United States v. Gonzalez-Flores*, 804 F.3d 920, 927-29 (9th Cir. 2015). Second, the omissions in the notice to appear did not deprive the immigration court of jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192-93 (9th Cir. 2022) (en banc), *cert. denied*, No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023).[1] In any event, Mendoza did not meet the other two requirements of § 1326(d), which are mandatory in a collateral attack on an underlying removal order. *See United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021).

---

[1] Because the notice to appear conferred jurisdiction on the immigration court, we do not reach Mendoza's argument that the subsequent notice of hearing was insufficient to cure the alleged jurisdictional defects in the notice to appear. Moreover, any alleged defect in the notice of hearing was harmless in light of Mendoza's appearance at his removal hearing.

20-10110

Mendoza's motion for leave to file a supplemental brief is denied.

**AFFIRMED.**